*HHb*

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10-cv-1033 | **DATE** | 8/2/10 |
| **CASE TITLE** | United States v. King | | |

**DOCKET ENTRY TEXT**

*Government's Motion to Dismiss 2255 Petition* [8] is granted. Civil action terminated. See statement below.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

On November 16, 2006, Petitioner, Phillip A. King, pleaded guilty to one count of conspiring to knowingly and intentionally possess with the intent to distribute and to distribute more than 5 kilograms of mixtures containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The offense provided a statutory sentence of ten years to life. Petitioner signed a plea agreement, which contained an express waiver of his right to appeal or collaterally attack his sentence:

> The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or its negotiation.

*United States v. King*, No. 05-cr-472-15, at Docket No. 366 ¶ 13 (N.D. Ill. Nov. 16, 2006).

On March 19, 2009, Petitioner was sentenced to 217 months' imprisonment with 5 years of supervised release. On February 16, 2010, Petitioner filed the instant petition, attacking his sentence under 28 U.S.C. § 2255. On April 15, 2010, the United States filed the instant Motion to Dismiss.

Petitioner asserts two grounds for his alleged unlawful detention. First, he states that three prior convictions used to classify him as a career offender pursuant to U.S.S.G. § 4B1 are presently being challenged in Kentucky state court and that his challenged sentence must be reduced if those state-court convictions are ultimately vacated. Second, Petitioner asserts that he was denied effective assistance of counsel at sentencing. Neither ground is a valid exception to the waiver in Petitioner's plea agreement.

The law in this circuit regarding appellate waivers is well settled: "a voluntary and knowing waiver of an appeal is valid and must be enforced." *United States v. Sines*, 303 F.3d 793, 798 (7th Cir. 2002) (*Sines*). A waiver of the right to launch a collateral attack will also be enforced. *See id.* at 399.

In his 2255 Petition, Petitioner does not assert that his plea was involuntary. Nor does he claim that

his counsel was ineffective in relation to the negotiation of that plea agreement and the included waiver. Instead, Petitioner argues that he received ineffective assistance *at sentencing*. But the right to mount a collateral attack under § 2255 "survives only with respect to those discreet claims which relate to the negotiation of a waiver." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Petitioner waived his right to challenge the assistance provided by counsel at sentencing when he signed the plea agreement.

In his response to the Government's motion, Petitioner also argues that his sentence was in excess of the statutory maximum and that his right to challenge that sentence as unconstitutional is not subject to waiver. Petitioner's sentence did not exceed the statutory maximum. For the quantity of cocaine Petitioner admitted to conspiring to possess and distribute, § 841(a)(1) provides a maximum sentence of life in prison. *See* 21 U.S.C. § 841(b)(1)(A). Petitioner's 217-month sentence is within the appropriate statutory range. Therefore, the sentence is not subject to collateral attack on the grounds that it exceeds a statutory maximum.

Although plea agreements put defendants in the position of having to accept or reject a plea without knowing the exact consequences of doing so, "unanticipated sentences do not create grounds for negating the terms of a plea agreement." *Sines*, 303 F.3d at 799. Petitioner does not argue that his plea agreement was invalid; he merely takes issue with his resulting sentence. Any right to make these arguments has been expressly waived. Accordingly, the Government's Motion to Dismiss is granted.